United States Bankruptcy Court

Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 25-11006-amc |
| Rosemary Camilo | Chapter 13 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0313-2 | User: admin | Page 1 of 2 |
| Date Rcvd: Jan 30, 2026 | Form ID: pdf900 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 01, 2026:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Rosemary Camilo, 4027 Wells Street, Philadelphia, PA 19135-2528 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 01, 2026      Signature:      /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 30, 2026 at the address(es) listed below:

| Name | Email Address |
|---|---|
| DENISE ELIZABETH CARLON | on behalf of Creditor PENNSYLVANIA HOUSING FINANCE AGENCY bkgroup@kmllawgroup.com |
| JOHN ERIC KISHBAUGH, I | on behalf of Creditor PENNSYLVANIA HOUSING FINANCE AGENCY ekishbaugh@kmllawgroup.com |
| JOSEPH L QUINN | on behalf of Debtor Rosemary Camilo CourtNotices@rqplaw.com |
| LEON P. HALLER | on behalf of Creditor PENNSYLVANIA HOUSING FINANCE AGENCY lhaller@pkh.com dmaurer@pkh.com;mgutshall@pkh.com;khousman@pkh.com |
| MATTHEW K. FISSEL | on behalf of Creditor PENNSYLVANIA HOUSING FINANCE AGENCY bkgroup@kmllawgroup.com matthew.fissel@brockandscott.com |

District/off: 0313-2 | User: admin | Page 2 of 2
Date Rcvd: Jan 30, 2026 | Form ID: pdf900 | Total Noticed: 1

SCOTT F. WATERMAN [Chapter 13]
    ECFMail@ReadingCh13.com

United States Trustee
    USTPRegion03.PH.ECF@usdoj.gov

WILLIAM EDWARD CRAIG
    on behalf of Creditor Exeter Finance LLC f/k/a Exeter Finance Corp. wcraig@egalawfirm.com
    mortoncraigecf@gmail.com;alapinski@egalawfirm.com

TOTAL: 8

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Rosemary Camilo <br> _Debtor_ | CHAPTER 13 |
| PENNSYLVANIA HOUSING FINANCE AGENCY <br> _Moving Party_ <br> vs. | NO. 25-11006 AMC |
| Rosemary Camilo <br> _Debtor_ <br> Scott F. Waterman <br> _Trustee_ | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. As of January 5, 2026, the post-petition arrearage on the mortgage held by Movant on Debtor's residence is **$7,545.61**. Post-petition funds received after January 5, 2026, will be applied per the terms of this stipulation as outlined herein. The arrearage is itemized as follows:

| | |
|---|---|
| Post-Petition Payments: | September 2025 through November 2025 at $1,454.43 each; <br> December 2025 through January 2026 at $1,591.16 each; |
| **Total Post-Petition Arrears:** | **$7,545.61** |

2. The Debtor shall cure said arrearages in the following manner:

    a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$7,545.61**.

    b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$7,545.61** along with the pre-petition arrears.

    c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due **February 2026** and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of **$1,591.16** (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(4).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: January 6, 2026

/s/ Matthew Fissel
Matthew Fissel, Esq.
Attorney for Movant

Date: January 12, 2026

Joseph L. Quinn
Attorney for Debtor

Date: January 22, 2026

/s/ Ann Swartz *for*
Scott F. Waterman
Chapter 13 Trustee

Approved by the Court this 29th day of Jan., 2026. However, the Court retains discretion regarding entry of any further order.

Bankruptcy Judge
Ashely M. Chan